Matter of **HOLLYWOOD PREMIERE,** a corporation, Bankrupt.
**JOSEPH S. HERBERT & CO.,** a copartnership, Appellants,

v.

**J. H. MAGID,** Superseded Assignee for the Benefit of Creditors, Appellee.

No. 14887.

United States Court of Appeals Ninth Circuit.

Dec. 21, 1955.

Gitelson, Ashton, Moore & Coyle, Leon M. Cooper, Hal L. Coskey, Los Angeles, Cal., for appellant.

Quittner & Stutman, Los Angeles, Cal., for appellee.

Before HEALY, BONE, and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from an order of the district court, sitting in bankruptcy in the matter of Hollywood Premiere, Bankrupt, approving an order of the referee directing appellants to pay over to the estate the sum of $406.21. Leave to appeal has heretofore been granted by this court.

Appellee, hereafter referred to as Magid, was the assignee in a common law assignment for the benefit of Hollywood Premiere's creditors. The assignment was made on June 28, 1952. On October 7 thereafter an involuntary petition in bankruptcy was filed and on October 27, 1952, Hollywood Premiere was adjudicated a bankrupt. One Lynch was thereupon elected trustee of the bankrupt estate and qualified as such.

In June of 1953 pursuant to 11 U.S. C.A. § 11(21), Magid filed with the trustee his report and account as assignee, and the trustee petitioned the referee for a hearing to consider the account for approval or rejection. After the hearing (to which appellants were not a party) the referee surcharged Magid's account with the sum of $846.22. In part this amount represented what the referee found were excessive payments by Magid to himself, to his attorney, and to an appraiser, for services rendered by them during the course of Magid's tenure as

assignee. The balance represented the amount of $406.21 found to have been an excessive payment by Magid to appellants for services rendered during the same period.

On December 22, 1953 the referee entered an order requiring Magid within ten days of the entry thereof to pay over to the trustee the surcharged amount. Thirteen days thereafter Magid filed with the referee a petition for an order directing appellants to pay to the estate the said sum of $406.21. In his petition he alleged that "all of the persons who received the said disbursements have agreed to *reimburse* your petitioner, with the exception of" appellants. [Emphasis added.] The referee thereupon issued an order directed to appellants requiring them to show cause why Magid's petition should not be granted.

At this point it will be helpful to develop the intervening facts a little further. Appellants are a firm of certified public accountants. On July 1 of 1952 Magid, as assignee, had employed them to make an independent audit of the books and records of the assignor, Hollywood Premiere. This he had done at the instance of a creditors' committee which deemed such accounting necessary in order to uncover possible fraud and irregularities in connection with dealings with Hollywood Premiere on the part of one Davis, an officer, director, and stockholder of Hollywood. Appellants' work in this matter was completed in about a month, and its statement for professional services in the amount of $1,850.66 was delivered to and paid by Magid on July 31, 1952. (The referee appears to have agreed on the hearing of Magid's report that appellants' services were for the benefit of the estate, but he concluded that the services could have been obtained from other accountants for $406.21 less than appellants' charges.)

To resume the narrative of the proceeding before the referee, the appellants appeared in response to the order to show cause and asserted that the referee lacked jurisdiction, summary or otherwise, in the premises. One reason advanced was that since Magid was not a trustee or receiver in the pending bankruptcy matter, he had no standing or authority to file any proceeding for affirmative relief against a third party such as appellants. Another reason urged was that the sum paid appellants for their services came into their possession prior to the adjudication in bankruptcy, and that appellants were currently in the position of an adverse claimant thereto; hence even the bankruptcy trustee, absent consent of appellants, would be without authority to proceed summarily against them.

The referee overruled the jurisdictional objections and ordered appellants to pay over to the estate the aforesaid sum of $406.21. Upon petition for review the court affirmed the order.

On the appeal we have not had the benefit of a brief or argument on the part of Magid's attorneys. The latter advised us merely that because of the smallness of the amount involved their appearance would be unprofitable. Nor have we had the advantage of brief or argument on behalf of the trustee, Lynch, who appears at no stage to have been a party to the proceeding against appellants. We gather from the trustee's abstinence or aloofness that neither the bankrupt estate, nor he as administrator thereof, has any interest in the squabble between Magid and the appellants, or in the money involved in that squabble.

The reason for the trustee's disinterest is clear on the face of the record. Apparently Magid, within the ten-day period specified in the referee's order, obeyed the command to pay over to the trustee the $846.22 with which he had been surcharged. In his petition inaugurating this proceeding he asserted only that, unlike the others to whom he had paid sums for services, appellants alone had declined to "reimburse" him. The referee's certificate on appellants' application to review stated in its caption that the order to be reviewed relates "to a *refund* to J. H. Magid, assignee for the benefit of creditors." The certificate further recited that the review had to do

with "the jurisdiction of the bankruptcy court to require [appellants] to *refund* to J. H. Magid, assignee, * * * the sum of $406.21."

In short it would appear that the proceeding below involved nothing other than a piece of litigation between two parties neither of whom had or has any connection with the bankrupt estate. We are at a loss to see where the Bankruptcy Act confers upon the referee jurisdiction, summary or otherwise, to determine such litigation. Nor are we able to believe that Magid as superseded assignee for the benefit of creditors has standing to invoke the jurisdiction, even assuming that it exists. It may be that Mr. Magid has a cause of action against appellants, but if so it would be cognizable only in a court of general jurisdiction.

Having reached this conclusion we find it unnecessary to consider other points raised by appellants.

Order reversed.